IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARCUS Q. BUTLER (#15065586), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:16-cv-3498-C-BN |
| LT. BLAND, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action under 42 U.S.C. § 1983, filed by Plaintiff Marcus Q. Butler, at the time an inmate at the Dallas County Jail, has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior Judge Sam R. Cummings. The undersigned issues the following findings of fact, conclusions of law, and recommendation that, for the reasons stated below, the Court should summarily dismiss this action with prejudice and deny Butler's request that he be relieved from the full-filing-fee obligation imposed by the Prison Litigation Reform Act of 1996 (the "PLRA").

**Applicable Background**

In a complaint he signed on December 7, 2016, Butler asserts that "Lt. Bland (who is over Inmate Grievances) [does not] answer [his] grievances" and that requests "to go to [the] Law Library to study [his] case [have been] denied by Officers Bell/Manny (who is running North Tower Law Library)." Dkt. No. 3 at 4. Butler moved

for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 4. And the Court granted that motion pursuant to the PLRA on December 28, 2016. *See* Dkt. No. 5.

## Legal Standards

A district court is required to screen a civil action brought by a prisoner – whether he is incarcerated or instead detained prior to trial – seeking relief from a governmental entity or employee. *See* 28 U.S.C. §§ 1915A(a), (c). On initial screening, the Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, that:

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

*Id.* § 1915A(b). Analogously, under 28 U.S.C. § 1915(e)(2)(B), also applicable here, a district court may summarily dismiss any complaint filed *in forma pauperis* – not limited to complaints filed by prisoners seeking relief from a governmental entity or employee – for the same reasons.

An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). And a complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

The Court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while the Court must accept all of a plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*; *see also Kinney v. Shannon*, 630 F. App'x 258, 261

(5th Cir. 2015) (per curiam) ("[T]he district court does not have to accept conclusory or speculative allegations." (citing *Coleman v. Sweetin*, 745 F.3d (5th Cir. 2014); *Gross v. Normand*, 576 F. App'x 318, 319 (5th Cir. 2014) (per curiam))).

Said simply, to survive dismissal under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *cf. N. Cypress Med. Ctr. Operating Co. v. Cigna Healthcare*, 781 F.3d 182, 191 (5th Cir. 2015) ("To survive a Rule 12(b)(6) motion to dismiss, the complaint does not need detailed factual allegations, but it must provide the plaintiff's grounds for entitlement to relief – including factual allegations that, when assumed to be true, raise a right to relief above the speculative level." (footnote and internal quotation marks omitted)).

While a district court generally affords a *pro se* complainant an opportunity to amend before dismissing for failure to state a claim, *see Gregory v. McKennon*, 430 F. App'x 306, 308 (5th Cir. 2011) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)), a court also may dismiss a prisoner's civil rights complaint as frivolous based on the complaint and exhibits alone, *see Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986); *see also Tinsley v. C.I.R.*, 958 F. Supp. 277, 279 (N.D. Tex. 1997) ("District courts are vested with especially broad discretion in making the determination of whether an IFP [*in forma pauperis*] proceeding is frivolous." (quoting

*Green*, 788 F.2d at 1119)); *accord Lewis v. Sec'y of Pub. Safety & Corrs.*, 508 F. App'x 341, 344 (5th Cir. 2013) (per curiam).

**Analysis**

Grievance claim

To the extent that Butler states a claim concerning how the Dallas County Jail handled his grievances, the United States Court of Appeals for the Fifth Circuit has held that inmates do not have a constitutionally-protected interest in having grievances resolved to their satisfaction. *See Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (per curiam) ("As he relies on a legally nonexistent interest, any alleged due process violation arising from the alleged failure to investigate his grievances is indisputably meritless."); *see also Mahogany v. Miller*, 252 F. App'x 593, 595 (5th Cir. 2007) (per curiam) (holding that the plaintiff had no actionable 42 U.S.C. § 1983 claim based on prison officials' failure to process his grievances because he had no protected liberty interest in the processing of grievances); *Lijadu v. I.N.S.*, Civ. A. No. 06-0518, 2007 WL 837285, at *3 (W.D. La. Feb. 21, 2007) ("[D]etainees do not have a constitutionally protected right to a grievance procedure – much less one that complies with their own personal preferences." (citation and internal quotation marks omitted)).

A prison system is not required to establish grievance procedures, and the failure of a jail or prison to establish or adhere to a grievance procedure does not rise to the level of an actionable constitutional claim. *See* 42 U.S.C. § 1997e(b); *see also Bradford v. Kuykendall*, No. 6:04-cv-565, 2005 WL 1521016, at *5 (E.D. Tex. June 24,

2005) (citing *Geiger*, 404 F.3d at 374). Accordingly, inmates have no basis for a civil rights lawsuit simply because they are unhappy with grievance procedures. *See id.*

Butler therefore cannot state a plausible constitutional claim against Lt. Bland (or any other defendant) based on the resolution of his grievances.

Law library claim

Butler's allegations concerning be denied access to the law library must be analyzed under the more general right of access to the courts, which "is founded in the Due Process Clause and assures that no person will be denied the opportunity to present to the judiciary allegations concerning violations of fundamental constitutional rights." *Wolff v. McDonnell*, 418 U.S. 539, 579 (1974). The right of access to the courts is also recognized as one aspect of the First Amendment right to petition the government for grievances. *See Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510, (1972); *Taylor v. Sterrett*, 532 F.2d 462, 470-72 (5th Cir. 1976). Lack of access to legal materials may constitute an unconstitutional infringement on a prisoner's right of access to the courts. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977).

To prevail on an access-to-the-courts claim, however, a prisoner must show an actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349–51 (1996). An injury can be shown when the prisoner demonstrates that the policies or actions of prison officials have hindered his ability to file a nonfrivolous legal claim. *See Christopher v. Harbury*, 536 U.S. 403, 414-22 (2002); *Lewis*, 518 U.S. at 351, 356.

Here, Butler alleges that the denial of access to the law library prevented him

from "study[ing his] criminal case with due process." Dkt. No. 3 at 4 (further asserting that his requested relief is "to go to [the] law library like everybody else"). But state-court records reflect that Butler has been represented by court-appointed attorneys in his criminal proceedings: first, Melinda Lehmann, appointed on February 17, 2016, and then, Heath Harris, appointed on August 31, 2016. *See State v. Butler*, Nos. F15-76598 & F16-00115 (282nd Jud. Dist. Ct., Dallas Cty., Tex.). An inmate's constitutional right of access to the courts may be satisfied by providing a court-appointed attorney. *See Bounds*, 430 U.S. at 828. Because this alternative method satisfies constitutional requirements, the alleged fact that Butler has personally been unable to access legal materials during his criminal proceedings does not establish a cognizable claim for denial of access to the courts. *See id.* at 830-31; *Lewis*, 518 U.S. at 351-52. Consequently, Butler has failed to state a claim for denial of access to the courts.

PLRA obligation

In correspondence dated January 23, 2017 – the date that he was sentenced in the state criminal proceedings – Butler requests that this Court "'stop all process' because [he is] going to prison now, so [his] problem is done" and further requests that the Court "stop taking money from [his] account." Dkt. No. 6.

This filing could be construed as a self-effectuating notice of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i). *See, e.g., Richardson v. U.S. Bank Nat'l Ass'n*, No. 3:16-cv-2434-N-BN, 2016 WL 5871327, at *2 (N.D. Tex. Oct. 6, 2016) ("A proper Rule 41(a)(1)(A)(i) 'notice of dismissal is self-effectuating and terminates the

case in and of itself; no order or other action of the district court is required.'" (quoting *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (in turn quoting *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (per curiam)); internal quotation marks omitted)). But, to the extent that Butler conditions a voluntary dismissal on the Court's excusing the filing fee required by the PLRA, "[a] prisoner proceeding IFP in the district court is obligated to pay the full filing fee upon the filing of a complaint. § 1915(b)(1). No relief from an order directing payment of the filing fee should be granted for a voluntary dismissal," *Hatchet v. Nettles*, 201 F.3d 651, 654 (5th Cir. 2000) (per curiam) (citing *Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir.1997)); *see, e.g., Bays v. United States*, No. 3:15-cv-1824-B-BN, 2015 WL 4930913 (N.D. Tex. Aug. 18, 2015); *see also Leaston v. UMASS Corr. Health Care*, Civ. A. No. 14-12785-GAO, 2015 WL 4249127, at *2 (D. Mass. July 14, 2015) ("The PLRA has 'change[d] the meaning of *in forma pauperis*' for prisoners. *Wooten v. District of Columbia Metro. Police Dep't*, 129 F.3d 206, 207 (D.C. Cir. 1997). Pursuant to the PLRA, the only issue for a court presented with a prisoner complaint is whether the filing fee must be paid 'up-front' or whether the fee may be paid in installments through the inmate's prison account. *McGore*, 114 F.3d at 604. 'Even a voluntary dismisal of a complaint or an appeal does not eliminate a prisoner's obligation to pay the required filing fees. Section 1915(b)(1) compels the payment of the respective fees at the moment the complaint or notice of appeal is filed.' *Id.* at 607." (internal citation modified)).

The Court should therefore deny Butler's motion to be relieved of the PLRA-imposed obligation to pay the full filing fee.

## Recommendation

The Court should summarily dismiss this action with prejudice but deny Butler's motion requesting that the Court excuse the obligation, imposed under the PLRA, to pay the full filing fee.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 9, 2017

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE